**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x

**ANGELA BROWN**

**Plaintiff,**

**v.** **Case No. 13CV759 (ERK)(CLP)**

**CONEY ISLAND SITE 4A-1 HOUSES, INC. AND SEA GATE FOOD CORP D/B/A KEY FOOD**

**June 28, 2013**

**Defendants.**

---------------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

John C. Theodorellis, PLLC
*Attorney for Defendant*
Coney Island Site 4A-1 Houses, Inc.
150 Motor Parkway, Suite 401
Hauppauge, New York 11788
Tel. (631) 787-8569

John C. Theodorellis

Dated: June 28, 2013

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ....................ii

INTRODUCTION....................1

ARGUMENT ....................4

I. STANDARD OF REVIEW FOR A MOTION TO DISMISS......4

II. THE PLAINTIFF'S CLAIM SHOULD BE DISMISSED PURSUANT TO RULE 12 (b)(1) AND 12(B)(6) FOR LACK OF SUBJECT MATTER JURISDICTION, STANDING AND FAILURE TO STATE A CLAIM THAT RELIEF CAN BE GRANTED....................5

III. THE PLAINTIFF' CLAIM SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(7) FOR FAILURE TO NAME AN INDISPENSABLE PARTY PURSUANT TO RULE 19....................9

CONCLUSION ....................10

# TABLE OF AUTHORITIES

**CASES** **PAGES**

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)....................4

*Bell Atl. Cow. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)....................4

*Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263,268, 113 S.Ct. 753 (1993)....................8

*Duncan v. AT&T Communications*, 668 F.Supp. 232, 234 (S.D.N.Y. 1987)....................5

*Haviland v. J.Aron & Co*., 796 F. Supp 95, 97 (S.D.N.Y.), *aff'd w/o opinion* 986 F.2d 499 (2d. Cir. 1992)....................5

*Johnson v. The Smithsonian Institution*, 189 F.3d 180, 188 (2d Cir. 1999)....................5

*Lujan v. Defenders of Wildlife*, 504U.S. 555 (1992)....................6

*Lunney v. United States*, 319 F.3d 550 (2d Cir. 2003)....................4

*Makarova v. United States*, 201 F.3d 110(2d Cir. 2000)....................4

*Malik v. Meissner*, 82 F.3d 560 (2d Cir. 1996)....................4

*Molski v.22 M.J. Cable, Inc.*, 481 F.3d 724 (9th Cir. 2007)....................7

*Norton v. Larney*, 266 U.S. 511, 515 (1925)....................4

*Okoh v. Sullivan*, No. 10-CV-2547, 2011 WL 672420, at 4 (S.D.N.Y. Feb. 24, 2011)....................8

*Papasan v. Allain*, 478 U.S. 265, 106 S.Ct. 2932 (1986)....................5

*Powell v. Nat'l Bd. of Med. Exam'rs.*, 364 F.3d 79 (2d Cir. 2004)....................7

*Reliance Insurance Co. v. Polyvision Corp.,* 474 F.3d 54 (2d Cir. 2007)....................9

*Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502 (2d Cir. 1994)....................3

*Scheur v. Rhodes* 416 US 232 (1974)....................4

*Shipping Fin. Serv. Corp. v.Drakos*, 140 F.3d 129 (2d Cir. 1998)....4

*Stan v. Wal-Mart Stores, Inc.*, 111 F. Supp. 2d 119 (N.D.N.Y. 2 2000)....7

*Thomas v. Roach*, 165 F.3d 137 (2d Cir. 1999)....9

*Vertical Broad., Inc. v. Town of Southampton*. 84 F. Supp. 2d 379 (E.D.N.Y. 2000)....8

*Zappia Middle East Constr. Co. Ltd. v. Emirate of Abu Dhabi*, 215 F.3d 247 (2d Cir. 2000)....4

## Statutes

Administrative Code (§ 8-102(9))....2

Americans with Disabilities Act ("ADA") 42 U.S.C. § 12182....2,7,8,10

Civil Rights Law (Conspiracy) 42 U.S.C. § 1985....2,8,9

Executive Law 292(9)....2

United States Constitution Article III....6

## RULES

Fed. R. Civ. P. 12(b)(1)....1,3,4,5

Fed. R. Civ. P. 12(b)(6)....1,3,4,5,7,10

Fed. R. Civ. P. Rule 12(b)(7)....1,3,5,9,10

Fed. R. Civ. P. 19....1,3,5,9,10

Fed. R. Civ. P. 12(h)(3)....3

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------x

**ANGELA BROWN**

**Plaintiff,**

**v.** **Case No. 13CV759 (ERK)(CLP)**

**CONEY ISLAND SITE 4A-1 HOUSES, INC. AND SEA GATE FOOD CORP D/B/A KEY FOOD**

**June 28, 2013**

**Defendants.**

-----------------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

The Defendant, **CONEY ISLAND SITE 4A-1 HOUSES, INC.**, pursuant to Federal Rules of Civil Procedure 12(b)(1); 12(b)(6); Rule 12(b)(7) and Rule 19, hereby respectfully moves this Court to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction, standing, and/or failure to join a indispensable party, and that the complaint fails to state a claim upon which relief can be granted.

## INTRODUCTION

On February 11, 2013, Plaintiff Angela Brown filed a Complaint against Coney Island Site 4A-1 Houses, Inc. and Sea Gate Food Corp. d/b/a Key Food. Complaint, See Complaint, Court file Document 1.

The Plaintiff uses a wheelchair. Plaintiff alleges unlawful disability discrimination by the Defendants in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12182 and a conspiracy to deprive the Plaintiff of her civil rights in violation of 42 U.S.C §1985. There is also a common law negligence claim. Complaint, ¶'s 1, 2 and 6.

The Plaintiff also alleges that Defendant Coney Island Site 4A-1 Houses, Inc. owns the property located at 3485 Neptune Avenue and Defendant Sea Gate Food Corp. d/b/a Key Food (hereinafter Defendant Sea Gate) operates and/or leases the property located at 3485 Neptune Avenue from Coney Island Site 4A-1 Houses, Inc. The Complaint further alleges that Defendants Sea Gate Food Corp. and Coney Island Site 4A-1 Houses, Inc. have a written lease Agreement. Complaint ¶'s 7-10.

Further, the Complaint alleges that the Defendants own, lease, operate and control a place of public accommodation, the Key Food located at 3485 Neptune Avenue within the meaning of the ADA (42 U.S.C § 12181), 28 C.F.R. § 36.104, the Executive Law § 292(9) and the Administrative Code (§ 8-102(9)). Complaint, ¶'s 11and 12.

Plaintiff claims that architectural barriers exist that prevent or restrict a person with a disability and that within a year of commencing this action as well as within the past three years of filing this action, she attempted and desired access. Complaint, ¶'s 13 & 19.

The Complaint also asserts that 3485 Neptune Avenue was designed and constructed for first possession after January 26, 1993 and that unspecified alterations were made by Defendant Coney Island Site 4A-1 Houses, Inc. some time after January of 1992. ¶'s 15 -17.

On June 5, 2013, Defendant Coney Island Site 4A-1 Houses, Inc. informed this Court in its motion for an extension of time to respond and Answer, that Defendant Coney Island Site 4A-1 Houses, Inc. was the wrong Defendant being sued and had informed Plaintiff's counsel. This Court granted an extension of time for Defendant to Answer to June 30, 2013. Court documents 9 and 10.

Defendant Coney Island Site 4A-1 Houses, Inc. files this motion to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1); 12(b)(6); Rule 12(b)(7) and Rule 19, for lack of subject matter jurisdiction, standing, and/or failure to join a indispensable party, and that the complaint fails to state a claim upon which relief can be granted.

Accompanying this motion and supporting dismissal of the complaint is the Affirmation of John C. Thodorellis, Esq., and the Affidavit of Sam Robin, Treasurer and Secretary of both Defendant Coney Island Site 4A-1 Houses, Inc. and the separate corporate entity that was not sued Coney Island Site 4A-2 Houses, Inc. The Robin Affidavit makes clear that the wrong party was sued and that the site was built prior to enactment of the federal statutes in question.

**ARGUMENT**

**I. STANDARD OF REVIEW FOR A MOTION TO DISMISS**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that the defense of lack of jurisdiction over the subject matter may be made by motion. Rule 12(h)(3) provides that "[w]henever it appears by suggestion of the parties or otherwise, that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." "The burden of proving jurisdiction is on the party asserting it." *Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 507 (2d Cir. 1994). A case is properly dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)

when the district court lacks the statutory or constitutional power to adjudicate it. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

In assessing a motion to dismiss for lack of subject matter jurisdiction, the court "accept[s] as true all material factual allegations in the complaint." *Shipping Fin. Serv. Corp. v.Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) (citing Scheuer, 416 U.S. at 236). The court, however, refrains from "drawing from the pleadings inferences favorable to the party asserting [jurisdiction]." Id. (citing *Norton v. Larney*, 266 U.S. 511, 515 (1925)). On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff must establish by a preponderance of the evidence that the court has subject matter jurisdiction over the complaint. *Makarova*, 201 F.3d at 113; see also *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996); Courts evaluating Rule 12(b)(1) motions "may resolve the disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits." *Zappia Middle East Constr. Co. Ltd. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000).

Rule 12(b)(6) of the Fed.R.Civ.P. provides that a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Cow. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007); accord *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The Court must draw all reasonable inferences in the Plaintiff's favor. See *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003) (discussing 12(b)(1) motion to dismiss). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 1949-50. Further, only the 'well-pleaded factual allegations' in the complaint must

be accepted as true, *Papasan v. Allain*, 478 U.S. 265, 283, 106 S.Ct. 2932, 92 L. Ed. 2d 209 (1986), and we need not credit 'baldly conclusory' statements that are unsupported by any factual basis. *Duncan v. AT&T Communications*, 668 F.Supp. 232, 234 (S.D.N.Y. 1987)." *Haviland v. J.Aron & Co.*, 796 F. Supp 95, 97 (S.D.N.Y.), *aff'd w/o opinion* 986 F.2d 499 (2d. Cir. 1992).

12(b)(7) provides that a party may file a motion to dismiss for failure to join a party under Rule 19. When ruling on a motion to dismiss filed pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure, the court is not limited to consideration of facts alleged in the complaint. With regard to the legal standard applicable to a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(7), "before dismissing a complaint under Rule 12(b)(7) a district court must determine whether the missing party is necessary within the meaning of Fed. R. Civ. P. 19." *Johnson v. The Smithsonian Institution*, 189 F.3d 180, 188 (2d Cir. 1999). "According to Rule 19, an absent party is necessary to a litigation if (1) 'complete relief cannot be accorded among those already parties,' or (2) the absent party 'claims an interest relating to the subject of the action and is so situated that the disposition of the action in [that party's] absence may' either '(i) as a practical matter impair [that] person's ability to protect that interest or (ii) leave [the remaining] parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.'" *Johnson v. The Smithsonian Institution*, 189 F.3d 180, 188 (2d Cir. 1999).

**II. THE PLAINTIFF'S CLAIM SHOULD BE DISMISSED PURSUANT TO RULE 12 (b)(1) AND 12(B)(6) FOR LACK OF SUBJECT MATTER JURISDICTION, STANDING AND FAILURE TO STATE A CLAIM THAT RELIEF CAN BE GRANTED**

The Plaintiff has sued the wrong party and the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). To the extent Plaintiff has suffered any injury, it is not traceable to the actions of Coney Island Site 4A-1 Houses, Inc. and

Coney Island Site 4A-1 Houses, Inc. cannot provide her with any redress for her claims. Defendant Coney Island Site 4A-1 Houses, Inc. is not the owner or landlord of the property in question and does not have a lease or any agreements with Defendant Sea Gate Food Corp. See Affidavit of Sam Robin ¶'s 4,5,6,7,8,14 and exhibits A,B,C thereto.

Under Article III of the Constitution, federal courts have jurisdiction only over "cases" and "controversies." U.S. Const. art. III, § 2. Standing "is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The "irreducible constitutional minimum of standing" contains the following three elements: First the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is a) concrete and particularized, and b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. at 560-61.

Here, there is no causal connection between the injury and the conduct complained of traceable to the Defendant. The wrong party was sued. It is also not likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision of this Court. Further, as set forth in the Affidavit of Mr. Robin the site in question was built in the 1970's and pre-dates the federal statutes in question. Access also is available to people in wheelchairs via a ramp and the front door. Affidavit of Sam Robin ¶'s 4,5,9,10,11,12,13,14.

Consequently, as the Plaintiff does not satisfy all of the three elements of standing, the court lacks subject matter jurisdiction over the suit.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides, in relevant part, "[e]very defense for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted."

Plaintiff has sued Defendant under Title III of the Americans with Disabilities Act ("ADA") which forbids discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182. Title III provides private parties with the right to injunctive relief to stop or prevent disability discrimination in a place of public accommodation, but it provides no right to monetary damages for past discrimination. See *Powell v. Nat'l Bd. Of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir.2004).

To state a claim under Title III, Plaintiff must establish (1) that she is disabled within the meaning of the ADA; (2) that defendants own, lease, or operate a place of public accommodation; and (3) that defendants discriminated against her by denying her a full and equal opportunity to enjoy the services defendants provide. *See* 42 U.S.C. § 12182(a); *Molski v.* 22 *M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007); *Powell v. Nat'l Bd. of Med. Exam'rs.*, 364 F.3d 79, 85 (2d Cir. 2004); *Stan v. Wal-Mart Stores, Inc.*, 111 F. Supp. 2d 119, 124 (N.D.N.Y. 2 2000). An accommodation does not have to be made if it would result in an "undue burden." See 42 U.S.C. § 12182(b)(2)(A)(iii).

In addition to suing the wrong party and incorrectly attributing acts to Defendant Coney Island Site 4A-1 Houses, Inc. throughout the complaint, the complaint incorrectly states that the building was constructed after the enactment of Title III. Further, Plaintiff has failed to specify the dates that she allegedly suffered an actual injury and the facts supporting the manner in which she suffered discrimination and from a conspiracy in a concrete and particularized way. Instead the complaint merely offers conclusions that the ADA was violated by citing state statute sections that may have been violated. It is also clear that site conditions such as the outside elevated sidewalk cannot be changed without it being an undue burden on Defendants.

Plaintiff also alleges that the Defendants conspired with each other to deny her equal protection of New York laws in violation of her civil rights under 42 U.S.C. § 1985(3). This statute provides a remedy to redress conspiracy by two or more persons "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws." To state a claim for conspiracy under § 1985(3), a plaintiff must make factual allegations showing the existence of an underlying constitutional violation and a meeting of the minds to achieve the unlawful result. *Okoh v. Sullivan*, No. 10-CV-2547, 2011 WL 672420, at 4 (S.D.N.Y. Feb. 24, 2011).

As for the alleged "conspiracy" there are clearly no facts stated in the complaint to support this theory. In order to state a claim for discrimination under§ 1985(3), plaintiff must plead facts showing invidiously discriminatory animus lay behind the conspirators action. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263,268, 113 S.Ct. 753 (1993). This requires "specific factual allegations" regarding both the existence of the conspiracy and the discriminatory intent of the conspirators. *Vertical Broad., Inc. v. Town of Southampton*. 84 F. Supp. 2d 379.389-90 (E.D.N.Y. 2000). Plaintiff therefore fails to state a claim under § 1985(3), as she has alleged no facts

which tend to demonstrate that any of the defendants conspired against her due to her disability and that discriminatory sentiments were the driving force behind decisions made by the Defendants. See *Thomas v. Roach*, 165 F.3d 137, 147 (2d Cir. 1999) (To state a claim under§ 1985(3), plaintiff must allege, with at least some degree of particularity, overt acts which defendants engaged in which were reasonably related to the promotion of the claimed conspiracy.).

Because the critical elements of standing and jurisdiction cannot be satisfied her claim must be dismissed.

**III. THE PLAINTIFF' CLAIM SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(7) FOR FAILURE TO NAME AN INDISPENSABLE PARTY PURSUANT TO RULE 19.**

Federal Rules of Civil Procedure, Rule 12(b), provides in relevant part, "[e]very defense for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: . . . .(7) failure to join a party under Rule 19.

Coney Island Site 4A-2 Houses, Inc. is the corporate owner of the supermarket site and a separate and distinct corporation from Coney Island Site 4A-1 Houses, Inc. See Affidavit of Sam Robin ¶'s 4,5,6,7,8,14 and exhibits A,B,C thereto.

"In order to assess whether a party is indispensable, the Court must first determine whether joinder is feasible and whether the party is "necessary" under Rule 19(a). When a party is considered necessary and joinder is not feasible, the Court proceeds to the Rule 19(b) analysis. Rule 19(b) requires that the Court "determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent party being thus regarded as indispensable." Fed. R. Civ. P. 19(b). *Reliance Insurance Co. v. Polyvision Corp.,* 474 F.3d 54, 59 (2d Cir. 2007)."

The plaintiff has failed to name Coney Island Site 4A-2 Houses, Inc. as a defendant

to her claims. Coney Island Site 4A-2 Houses, Inc. is clearly an indispensable party to plaintiff's claim of discrimination and related claims. Coney Island Site 4A-2 Houses, Inc. is a required party pursuant to Rule 19(a)(1)(a), because the court cannot accord complete relief to the currently named Defendants and any decision in this matter would effect this unjoined corporation's rights.

Once it is determined that Coney Island Site 4A-2 Houses, Inc. is a necessary party, however, this complaint should still be dismissed as it is facially insufficient pursuant to Rule 12(b)(6) to support Title III and federal conspiracy allegations against Coney Island Site 4A-2 Houses, Inc. The Plaintiff's ancillary state claims should therefore be dismissed.

The fact that the Plaintiff was represented by counsel who failed to name Coney Island Site 4A-2 Houses, Inc. as a Defendant supports a finding that this case should not go forward on the basis of equity and good conscience and the plaintiff's claim should be dismissed for failure to name an indispensable party under Rule 12(b)(7) and Rule 19.

**CONCLUSION**

For all of the foregoing reasons, the defendant respectfully moves the court to dismiss the Plaintiff's complaint with prejudice, together with such other and further relief as the Court deems just and proper.

Dated: Hauppauge, New York
June 28, 2013

Respectfully submitted,

John C. Theodorellis
Attorney for Defendant
Coney Island Site 4A-1 Houses, Inc.
150 Motor Parkway, Suite 401
Hauppauge, New York 11788
(631) 787-8569