UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
ANGELA BROWN,

                    Plaintiff,

   -against-

CONEY ISLAND SITE 4A-2 HOUSES, INC. and
SEA GATE FOOD CORP. d/b/a KEY FOOD,

                  Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**VERIFIED ANSWER
WITH CROSS-COMPLAINT**

**Docket: 1:13-cv-00759
(ERK) (CLP)**

**EFC CASE**

**C O U N S E L :**

    **PLEASE TAKE NOTICE**, that the defendant, SEA GATE FOOD CORP. d/b/a KEY

FOOD, hereby interposes the following Answer to the Amended Complaint dated 1, 2013 herein:

### ANSWERING NATURE OF THE CLAIMS

    FIRST:      Denies each and every allegation contained in paragraph designated "1" and

respectfully refers all questions of law the Court.

    SECOND:    Denies each and every allegation contained in paragraph designated "2".

### ANSWERING JURISDICTION AND VENUE

    THIRD:     Denies having any knowledge or information sufficient to form a belief as

to each and every allegation contained in paragraphs designated "3" and "4" and respectfully

refers all questions of law the Court.

### ANSWERING PARTIES

    FOURTH:    Denies having any knowledge or information sufficient to form a belief as

to each and every allegation contained in paragraphs designated "5", "6", "7" and "8".

    FIFTH:      Denies each and every allegation contained in paragraph "9", except admits

at all relevant times, defendant, Sea Gate Food Corp. d/b/a Key Food, operates and/or leases a

supermarket located at 3485 Neptune Avenue from the defendant Coney Island Site 4A-2 Houses, Inc. (hereinafter referred to "Key Food").

        SIXTH:      Admits each and every allegation contained in paragraph designated "10".

## ANSWERING ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

        SEVENTH:    Denies having any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "11", except admits defendant, Key Food, is a public accommodation as it operates a place of public accommodation, the Key Food premises located 3485 Neptune Avenue, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the Executive Law (§ 292(9)) and the Administrative Code (§ 8-102(9)).

        EIGHTH:      Admits each and every allegation contained in paragraph designated "12" and respectfully refers all questions of Law to the Court.

        NINTH:      Denies each and every allegation contained in paragraphs designated "13", "24", "25", and "28".

        TENTH:      Denies having any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs designated "14", "18", "27", "29", and "30".

        ELEVENTH:  Denies having any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "15", except admits at some time after January 1992, defendant, Key Food, made alterations to the Key Food premises.

        TWELFTH:    Denies having any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "16", except admits at some time after January 1992, defendant, Key Food, altered the primary function areas of the Key Food premises.

        THIRTEENTH:     ELEVENTH: Denies having any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "17", except admits at since the effective date of § 27-292 of the Administration Code (also known as

"Local Law 58"), defendant, Key Food, constructed and/or made alterations to the Key Food premises and respectfully refers all questions to the Court.

FOURTEENTH:        Denies each and every allegation contained in paragraphs designated "19", "20", "21", "22", "23 I through XLIV", "26" and respectfully refers all questions to the Court.

## ANSWERING FIRST CAUSE OF ACTION

FIFTEENTH: Repeats, reiterates and realleges each and every denial contained defendant's answer marked and enumerated "FIRST" through "FOURTEENTH" as though herein set forth at length.

SIXTTEENTH:        Denies each and every allegation contained in paragraphs designated "32", "33", "34", "35", "36", "37", "38", and "42" and respectfully refer all questions of law the Court.

SEVENTEENTH:        Denies each and every allegation contained in paragraphs designated "39", "40", "41" and "43".

## ANSWERING SECOND CAUSE OF ACTION
## (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

EIGHTEEENTH:        Repeats, reiterates and realleges each and every denial contained defendants' answer marked and enumerated "FIRST" through "SEVENTEENTH" as though herein set forth at length.

NINETEENTH:        Denies each and every allegation contained in paragraphs designated "45", "46", "49", "50", "51", "52", "53" "54", "55", "56", and "57" and respectfully refers all questions of law the Court.

TWENTIETH:        Denies each and every allegation contained in paragraphs designated "47", "48", and "59".

TWENTY-FIRST:    Denies having any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "58".

## ANSWERING THIRD CAUSE OF ACTION

## (VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)

TWENTY-SECOND:     Repeats, reiterates and realleges each and every denial contained defendant's answer marked and enumerated "FIRST" through "TWENTY-FIRST" as though herein set forth at length.

TWENTY-THIRD:   Denies having any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "61" and respectfully refers all questions of law to the Court.

TWENTY-FOURTH: Denies each and every allegation contained in paragraph designated "62", "67", and "69".

TWENTY-FIFTH:     Denies each and every allegation contained in paragraphs designated "63", "'64", "65", "66"and "68" and respectfully refers all questions of law the Court.

## ANSWERING FOURTH CAUSE OF ACTION

## (VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)

TWENTY-SIXTH:    Repeats, reiterates and realleges each and every denial contained defendant's answer marked and enumerated "FIRST" through "TWENTY-FIFTH" as though herein set forth at length.

TWENTY-SEVENTH:     Denies having any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "71" and respectfully refers all questions of law the Court.

TWENTY-EIGHTH:     Denies each and every allegation contained in paragraphs designated "72", "73", "74", "75", "76", "77", "79", "80", "81" and "83" and respectfully refers all questions of law the Court.

4

TWENTY-NINTH:   Denies having any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "78".

THIRTIETH:  Denies each and every allegation contained in paragraphs designated "82", "84" and "85".

## ANSWERING FIFTH CAUSE OF ACTION

## (VOILATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

THIRTY-FIRST:     Repeats, reiterates and realleges each and every denial contained defendant's answer marked and enumerated "FIRST" through "THIRTIETH" as though herein set forth at length.

THIRTY-SECOND:   Denies each and every allegation contained in paragraphs designated "87" and "88" and respectfully refers all questions of law the Court.

THIRTY-THIRD:     Denies having any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "89".

## ANSWERING SIXTH CAUSE OF ACTION

## (COMMON LAW NEGLIGENCE)

THIRTY-FOURTH:   Repeats, reiterates and realleges each and every denial contained defendant's answer marked and enumerated "FIRST" through "THIRTY-THIRD" as though herein set forth at length.

THIRTY-FIFTH:     Denies each and every allegation contained in paragraph designated "91", "94", "95", and "96".

THIRTY-SIXTH:     Denies each and every allegation contained in paragraphs designated "92" and "93".

## ANSWERING INJUNCTIVE RELIEF

THIRTY-SEVENTH: Denies each and every allegation contained in paragraphs designated "97" and "98".

5

THIRTY-EIGHTH:    Denies each and every allegation contained in paragraph designated "99" and respectfully refers all questions of law to the Court.

## ANSWERING DECLARATORY RELIEF

THIRTY-NINTH:    Denies each and every allegation contained in paragraph designated "100".

## ANSWERING ATTORNEYS' FEES, EXPENSES AND COSTS

FOURTIETH:    Denies each and every allegation contained in paragraph designated "101" and respectfully refers all questions of law to the Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

That the Complaint fails to state a cause of action upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Defendant's actions were based upon reasonable factors other than plaintiff's disability.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

That the plaintiff is guilty of culpable conduct and said culpable conduct, either wholly or partly, caused the injuries and/or damages herein claimed of to the extent that plaintiff is wholly or partly barred from recovery of damages.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The defendants specifically reserve their right to assert further affirmative defenses as are appropriate as investigation and discovery continue in this action.

## AS AND FOR A CROSS-COMPLAINT OVER
## AND AGAINST CONEY ISLAND SITE 4A-2 HOUSES, INC.
## DFENDANT, SEA GATE FOOD CORP. d/b/a KEY FOOD,
## ALLEGES UPON INFORMATION AND BELIEF:

That if the plaintiff(s) was (were) caused to sustain personal injuries and resulting damages at the time and place set forth in the plaintiff's Complaint and in the manner alleged therein through any carelessness, recklessness, acts, omission, negligence and/or breaches of duty

and/or warranty and/or contract, other than of the plaintiff's, then the said injuries and damages arose out of several and joint carelessness, recklessness, acts, omissions, negligence and breaches of duty and/or obligation, and/or Statute and/or warranty and/or contract in fact or implied in law, upon the part of the co-defendant(s) of this pleading defendant(s), with indemnification and hold harmless agreement and/or responsibility by them in fact and/or implied in law, and without any breaches or any negligence of this pleading defendant(s) contributing thereto, and if this pleading defendant(s) is found negligent as to the plaintiff(s) for the injuries and damages as set forth in the plaintiff's Complaint, then and in that event, the relative responsibilities of all said defendants in fairness must be apportioned by a separate determination, in view of the existing factual disparity, and the said co-defendant(s) herein will be liable over jointly and severally to this pleading defendant(s) and bound to fully indemnify and hold this pleading defendant(s) harmless for the full amount of any verdict or judgment that the plaintiff(s) herein may recover against this pleading defendant(s) in this action, including all costs of investigation, disbursements, expenses and attorney's fees incurred in the defense of this action and in the conduct of this cross-complaint.

**WHEREFORE**, the answering defendant(s) demand(s) judgment dismissing the Complaint herein and further demands judgment over and against the co-defendant(s) herein before named, in whole or in part, for any verdict or judgment rendered against the answering defendant(s), together with the costs and disbursements of this action, and the attorneys' fees and expenses incurred herein.

Dated: October 3, 2013
      Garden City, New York

                      Yours, etc.,

                      KENNEDY & GILLEN

                      BY: _____
                        CHRISTOPHER F. MANSFIELD (CFM - 3362)
                      Attorneys for Defendant/SEA GATE FOOD CORP. d/b/a
                      KEY FOOD
                      1050 Franklin Avenue, Suite 308
                      Garden City, New York 11530
                      (516) 794-6500 / Our File No. 4803

TO:    PARKER HANSKI LLC
        Attorneys for Plaintiff
        40 Worth Street, 10th Floor
        New York, New York  10013
        (212) 248-7400

        JOHN C. THEODORELLIS, PPLC
        Attorneys for Defendant/ CONEY
        ISLAND SITE 4A-1 HOUSES, INC.
        150 Motor Parkway, Suite 401
        Hauppauge, New York  11788
        (631) 787-223-7734

8

## ATTORNEY VERIFICATION

I, **CHRISTOPHER F. MANSFIELD**, the undersigned, an attorney admitted to practice in the courts of New York State, state that I am an Associate with the law offices of KENNEDY & GILLEN the attorneys of record for defendants, in the within action; I have read the foregoing **ANSWER WITH CROSS-COMPLAINT** and know the contents thereof; I believe it to be true. The reason this verification is made by me and not by the aforesaid defendants is that their principal place of business and/or residence is outside the county wherein your deponent have their offices.

Dated:  October 3, 2013
        Garden City, New York

_____
CHRISTOPHER F. MANSFIELD

STATE OF NEW YORK )
                  ) SS.:
COUNTY OF NASSAU  )


   I, Carminda de Barros, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Albertson, New York.

   That on the 3rd day of October, 2013 deponent served the within **VERIFIED ANSWER WITH CROSS-COMPLAINT** upon the attorneys listed below at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in a letter box under the exclusive care and custody of the United States Post Office Department within the State of New York.


TO:   PARKER HANSKI LLC
      Attorneys for Plaintiff
      40 Worth Street, 10th Floor
      New York, New York  10013

      JOHN C. THEODORELLIS, PPLC
      Attorneys for Defendant/ CONEY
      ISLAND SITE 4A-1 HOUSES, INC.
      150 Motor Parkway, Suite 401
      Hauppauge, New York  11788


                                        _Carminda de Barros_
                                         Carminda de Barros

Sworn to before me, this 3rd
day of October, 2013.

_____
    NOTARY PUBLIC

      CHRISTOPHER F MANSFIELD
      Notary Public, State of New York
            No. 02MA6038665
         Qualified in Nassau County
      Commission Expires March 20, 2014

                                                    10